UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HUONG THI THUY NGO, INDIVIDUALLY ) <br> AND D/B/A BON MUA, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No.: 12-CV-02267-LHK <br><br> ORDER GRANTING MOTION TO SET ASIDE DEFAULT, DENYING MOTION FOR DEFAULT JUDGMENT AS MOOT |

On May 4, 2012, J & J Sports Productions, Incorporated ("Plaintiff") filed a complaint alleging illegal interception and display of a fight program by Huong Thi Tuy Ngo ("Defendant"). ECF No. 1. Plaintiff served Defendant with a copy of the complaint on May 22, 2012. ECF No. 5. Defendant did not file an answer to the complaint, and Plaintiff requested entry of default on June 21, 2012. ECF No. 6. The Clerk's office entered default against Defendant on June 25, 2012. ECF No. 7. Plaintiff filed a Motion for Default Judgment ("Default Motion") on July 17, 2012. ECF No. 8. On July 25, 2012, Defendant filed a Motion to Set Aside Default ("Set Aside Motion"). ECF No. 10. Pursuant to Civil Local Rule 7-1(b), the Court has determined that these matters are suitable for decision without oral argument. Accordingly, the hearing on these motions scheduled for November 1, 2012 is hereby VACATED. The Case Management Conference scheduled for November 1, 2012 at 1:30 p.m. remains as set. For the reasons set forth below, the Court GRANTS Defendant's Set Aside Motion and DENIES Plaintiff's Default Motion as moot.

1

## I. BACKGROUND

Plaintiff claims to possess the exclusive nationwide commercial distribution rights to the May 7, 2011 telecast of *"Firepower": Manny Pacquiao v. Shane Mosley WBO Welterweight Championship Fight Program* ("Program"). *See* ECF No. 1 ("Compl."). Plaintiff alleges that Defendant illegally intercepted and displayed the Program at her business, Bon Mua ("Restaurant"). *Id.* at ¶ 11. In support of Plaintiff's Default Motion, Plaintiff submitted the declaration of Jeff Kaplan. *See* ECF No. 8, Ex. 3 ("Kaplan Decl."). Kaplan declares that he visited the Restaurant on May 7, 2011 at 9:00 p.m. He paid no cover charge to enter. He observed several flat screen televisions, of which "at least 4 [were] visible all showing the fight." *Id*. Kaplan states that the Restaurant's capacity was 50 people, and that he counted 41 people in the Restaurant. *Id*.

Based on the allegations in the complaint and the declarations submitted in support of Plaintiff's Default Motion, Plaintiff moves for default judgment against Defendant on the following claims in the complaint: (1) Violation of 47 U.S.C. § 605, *et seq.*; and (3) Conversion. Plaintiff's complaint seeks $100,000 in "statutory damages for each willful violation" and a "recovery of full costs, including reasonable attorneys' fees." Compl. at ¶ 22. In the Default Motion, Plaintiff seeks a total of $110,000 for the violation of 47 U.S.C. § 605 *et seq.*— the $10,000 maximum in statutory damages, plus $100,000 enhanced damages for willfulness. Plaintiff also seeks $2,200 in damages for conversion.

With her Set Aside Motion, Defendant has submitted a declaration explaining that she speaks very limited English and did not understand what she was required to do when served with the complaint. *See* ECF No. 10, Ex. 1 ("Ngo Decl.") at ¶¶ 4-6. On June 23, 2012, the day after Defendant received notice of the entry of default, she contacted an attorney, who referred her to Michael Chinh Vu, her present counsel. *Id*. at ¶ 7. Mr. Vu prepared an answer to the complaint and contacted counsel for Plaintiff to request a stipulation to set aside the default, but Plaintiff's counsel refused. *See* Set Aside Motion, ECF No. 10, at 2.

## II. ANALYSIS

### A. Motion to Set Aside Default

This Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). To determine whether a defendant has established good cause, "a court must 'consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Franchise Holding II v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)) (alterations omitted). "[W]hile the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context." *Id.* at 1091 n.1. "This is because in the Rule 55 context there is no interest in the finality of the judgment with which to contend." *Id.* (citing *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986)). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

1. Culpable Conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (quotation marks omitted). Here, "the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer." *Mesle*, 615 F.3d at 1092. Instead, the term means something like "willful, deliberate, or evidence of bad faith." *TCI Group*, 244 F.3d at 697. "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' under our default cases . . . ." *Id.* "[S]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." *Mesle*, 615 F.3d at 1092.

The Court finds that Defendant's conduct was not intentional. She has offered a credible explanation as to why she failed to timely answer the complaint: given her limited English skills,

3

she simply did not understand what she was supposed to do.  Immediately upon receiving the notice of default, Defendant contacted an attorney and, through her attorney, contacted Plaintiff to discuss moving forward.  There is no reason to believe that her initial failure to respond to the complaint was willful, deliberate, or in bad faith.

Because it appears that Defendant did not intend to "take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process," she did not intentionally fail to answer.  Therefore, this factor weights in favor of setting aside the Clerk's entry of default against Defendant.

### 2. Meritorious Defense

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense.  But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *Mesle*, 615 F.3d at 1094 (citing *TCI Group*, 244 F.3d at 700) (quotation marks omitted).  "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation is true' is not to be determined by the court when it decides the motion to set aside the default." *Id.* (quotation and alterations omitted).  "Rather, that question would be the subject of the later litigation." *Id.* (quotation marks omitted).

To show that she has a meritorious defense, Defendant has submitted a proposed answer, containing a range of allegations.  Specifically, Defendant alleges that she actually paid for and had a license to show the program.  ECF No. 10, Exh. 1, at 6.  If this is true, it constitutes a complete defense to all of Plaintiff's claims.  This allegation alone is thus sufficient to satisfy the "meritorious defense" prong of the default analysis.  Accordingly, this factor weighs in favor of setting aside the default.

### 3. Prejudice to Plaintiff

Plaintiff argues that it is Defendant's burden to prove that Plaintiff will not be prejudiced, and that Defendant has failed to carry this burden.  Plaintiff cites no authority for the proposition that a defendant must affirmatively disprove that a plaintiff will be prejudiced by setting aside a default.  The one case Plaintiff does cite holds only that a defendant must make some showing of

good cause, not that a defendant must make an affirmative showing on each factor. *See Franchise Holding*, 375 F.3d at 926. Plaintiff argues, very briefly, that Plaintiff will be prejudiced because "[t]he failure of Defendant to provide . . . basic information indicates that there will be increased difficulties in discovery." Plaintiff's Opposition to Defendant's Motion to Set Aside Clerk's Entry of Default, ECF No. 12, at 9. This conclusory statement is unpersuasive. Defendant filed her motion on July 24, 2012, less than three months after the filing of the complaint. Further, Defendant appears ready to file an answer. There is no apparent risk of prejudice in allowing this case to proceed. This factor thus weighs in favor of setting aside the default.

III. **CONCULSION**

Because all three factors weigh in favor of Defendant, the Court finds that Defendant has established good cause for setting aside the default entered against her. Therefore, the Court GRANTS Defendant's Motion to Set Aside Default and DENIES Plaintiff's Motion for Default Judgment as moot. The Clerk shall set aside default as to Defendant, individually and d/b/a Bon Mua. Defendant shall file and serve an answer to the complaint within 14 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: October 24, 2012

LUCY H. KOH
United States District Judge